IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3083-F

| | |
|---|---|
| JONATHAN M. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MIKE MCNEILL, *et al.*, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court upon Plaintiff's post-judgment motion to amend [DE-11] and for "assistance in obtaining legal materials" [DE-12]. For the following reasons, Plaintiff's motion to amend is DENIED, and his motion for "assistance in obtaining legal materials" is ALLOWED.

On April 16, 2013, Plaintiff, a state inmate proceeding pro se, filed this civil action [DE-1]. The court dismissed his complaint as frivolous on October 2, 2014 [DE-9]. Plaintiff filed the instant motion to amend on October 17, 2014 [DE-11]. Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the written consent of the opposing party or with leave of court. See Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962).

Where, as here, a plaintiff requests leave to amend his complaint after the court has entered judgment against him, the "motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Laber, 438 F.3d at 427. "There is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Id.; see Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 (4th Cir. 2011). "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Katyle, 637 F.3d at 471. Accordingly, the court reviews Plaintiff's proposed amendments to his complaint for futility.

Plaintiff presented two distinct claims in his original complaint. First, he alleged Defendants subjected him to unconstitutional conditions of confinement while he was a pretrial detainee. Compl. [DE-1], pp. 10-12. This claim was dismissed because it was time-barred and also because it was frivolous. October 2, 2014 Order [DE-9] at 2-3. Plaintiff's proposed amendments attempt to cure the untimeliness of this claim by establishing a basis for equitable tolling. However, the proposed amendments do not contain any new substantive allegations that would render this frivolous claim viable.

In addition, Plaintiff also alleged in his original complaint that Defendants interrogated him in a manner that violated his constitutional rights. Compl. [DE-1], p. 11. This claim was dismissed

2

because it was barred pursuant to Heck v. Humphrey, 512 U.S. 486-87 (1994).[1] *See* October 2, 2014 Order [DE-9] at 5. However, after the court conducted its frivolity review, the North Carolina Court of Appeals vacated Plaintiff's conviction and remanded the matter back to the state trial court. State v. Allen, No. COA14-152, 2014 WL 4977656 (N.C. Ct. App. Oct. 7, 2014).[2] Although Plaintiff's claims are arguably no longer barred by Heck[3], because Plaintiff's re-trial is still pending, abstention is appropriate. The abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Brewsome v. Broward County Pub. Defenders, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam). The Younger abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." 401 U.S. at 43; see also Herrera v. Safir, 17 F. App'x 41, 42 (2nd Cir. 2001) (holding that the

---

[1] Pursuant to Heck, a plaintiff may not recover damages for alleged constitutional deprivations if success in that action wold necessarily demonstrate the invalidity of confinement or its duration. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

[2] Specifically, the North Carolina Court of Appeals determined that the trial court permitted Plaintiff to enter a plea *pro se* without conducting the proper colloquy to determine that Plaintiff had knowingly, intelligently, and voluntarily waived his right to counsel. Allen, 2014 WL 4977656 at *4.

[3] Heck did not address the situation where a prisoner has had his conviction reversed but then faces re-trial. However, several courts have determined that reversal of a conviction and remand for a new trial is not a "favorable termination" under Heck. Toomer v. McLane, No. CIV.A. DKC-14-3541, 2015 WL 2165280, at *2 n. 2 (D. Md. May 7, 2015) (collecting cases).

3

plaintiff's claim to enjoin his criminal prosecution was barred by Younger because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith). In this case, Plaintiff has not alleged that the remanded state court proceedings regarding the charges made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims. Plaintiff may vindicate his constitutional rights in the remanded state court proceedings. Accordingly, Plaintiff's motion to amend [DE-11] is DENIED.

Finally, in his motion for "assistance in obtaining legal materials", Plaintiff asserts that his "federal court submissions and resulting correspondence have been put in storage" and he no longer has access to them due to his incarceration. Mot. [DE-12]. Copies of transcripts or other documents from a record may be provided to an indigent litigant at government expense upon a showing by that litigant of a particularized need for the documents. Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152-53 (4th Cir. 1972). Accordingly, Plaintiff's motion [DE-12] is ALLOWED and the Clerk of Court is DIRECTED to return the original documents filed by Plaintiff in this case [DE-1, 2, 6, 7, 8, 11, 12]. See CM/ECF Policy A(2), E.D.N.C ("Any document electronically filed or converted by the United States District Court for the Eastern District of North Carolina (clerk's office) to electronic format shall be the official record of the court."); see also Barnhill v. Taylor, 5:12-HC-2141-FL, [DE-49] (allowing similar request for return of documents).

SO ORDERED. This the 24' day of June, 2015.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge

4